-UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BEARCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    Case No. 22-cv-10708-DJC |
| MORTON HOSPITAL, A STEWARD | ) |
| FAMILY HOSPITAL, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

CASPER, J.                                                    December 20, 2022

### I.    Introduction

Plaintiff John Bearce ("Bearce") has filed this lawsuit against Defendant Morton Hospital,

a Steward Family Hospital, Inc. ("Morton Hospital") alleging violation of the Patient Bill of Rights

Act, Mass. Gen. L. c. 111, § 70E (Count I), false imprisonment (Count II), violation of the

Massachusetts Civil Rights Act, Mass. Gen. L. c. 12 §§ 11H, 11I (Count III), violation of 42 U.S.C.

§ 1983 and the Fourteenth Amendment of the United States (Count IV), violation of Mass. Gen.

L. c. 93A (Count V) and negligence (Count VI).  D. 1-1.  Morton Hospital has moved to dismiss

all claims pursuant to the Massachusetts anti-SLAPP statute, Mass. Gen. L. c. 231, § 59H, and

moves to dismiss Count V, the c. 93A, claim for failure to state a claim under Fed. R. Civ. P.

12(b)(6).  D. 6, 7.[1]  For the reasons stated below, the Court DENIES the motion to dismiss under Mass. Gen. L. c. 231, § 59H, but ALLOWS it as to the c. 93A claim under Fed. R. Civ. P. 12(b)(6). D. 6.[2]

## II.    Standard of Review

### A.    For a Special Motion to Dismiss under Mass. Gen. L. c. 231, § 59H

"SLAPP suits ae 'meritless suits that use litigation to intimidate opponents' exercise of rights of petitioning and speech.'" Lanza v. Tonsberg, 98 Mass. App. Ct. 1106, 2020 WL 4433853, at * 3 (July 30, 2020) (quoting Vittands v. Sudduth, 49 Mass. App. Ct. 401, 413 (2000).  "To stop such suits 'early in its tracks, the anti-SLAPP statute enables a litigant to secure expedited dismissal of a SLAPP suit."  Id. (quoting Blanchard v. Steward Carney Hosp. Inc., 477 Mass. 141, 157 (2017) ("Blanchard I")).   Accordingly, "The Massachusetts Anti-SLAPP statute permits a party to bring a special motion to dismiss when the allegations against it 'are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth.'"  Gov't Employees. Ins. Co. v. Barron Chiropractic & Rehab., P.C., No. 16-cv-10642-ADB, 2017 WL 3526255, at *3 (D. Mass. Aug. 16, 2017) (quoting Mass. Gen. L. c. 231, § 59H).  The Anti-SLAPP statute provides that: "[t]he court shall grant such special motion, unless the party against whom such special motion is made shows that:  (1) the moving party's exercise

---

[1] Although Morton Hospital's motion to dismiss is framed as a motion to dismiss the entirety of the complaint both under the anti-SLAPP statute, and, alternatively, under Rule 12(b)(6), D. 6 at 1, its supporting memorandum only address the Rule 12(b)(6) challenge as to the c. 93A claim, Count V.  D. 7 at 7-10.  Accordingly, any such Rule 12(b)(6) challenge to the other claims has not been developed and the Court has only considered this basis for dismissal as to the c. 93A claim.

[2] Bearce's motion to stay the filing of his opposition to the motion to dismiss, D. 10, is DENIED as moot as the Court has denied the motion to remand, D. 9, 14, and Bearce has filed an opposition to the motion to dismiss, D. 13, which the Court has considered here in the resolution of the motion to dismiss.

of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party."  Mass. Gen. L. c. 231, § 59H.  "In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based."  Id.  Unlike a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a "judge considering a special motion to dismiss is not required to decide whether the opponent's complaint plausibly suggest an entitlement to relief," but instead the "focus is solely on the conduct complained of."  Lanza, 2020 WL 4433853, at *3.

There is a two-step burden-shifting procedure for special motions to dismiss pursuant to c. 231, § 59H.  Blanchard I, 477 Mass. at 159–60.  "At the threshold stage, the moving party — the party alleging it has been the target of a SLAPP suit (here, [Morton Hospital]) — bears the burden of establishing by a preponderance of the evidence that the putative SLAPP suit (i.e., [Bearce's claim]) was 'solely based on [Morton Hospital's] own petitioning activities.'"  Blanchard v. Steward Carney Hosp. Inc., 483 Mass. 200, 203 (2019) ("Blanchard II) (quoting Blanchard, 477 Mass. at 159).  "If the threshold is crossed, the burden shifts to the nonmoving party (here, [Bearce]) to demonstrate that the anti-SLAPP statute does not require dismissal of the claim."  Blanchard, 483 Mass. at 204 (citing Blanchard, 477 Mass. at 159–60).  "[T]here are two alternative paths that the nonmoving party may use to satisfy this second stage burden."  Blanchard, 483 Mass. at 204 (citation omitted).  Under the first path, "the nonmoving party . . . must establish by a preponderance of the evidence . . . that '(1) the moving party's . . . exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's . . . acts caused actual injury to the responding party.'"  Id. (quoting Mass. Gen. L. c. 231 § 59H).  "Th[e] second path requires the nonmoving party . . . to demonstrate, such that the motion

may conclude with fair assurance, . . . two elements:  (a) that its suit was colorable; and (b) that the suit was not brought primarily to chill the special movant's . . . legitimate exercise of its right to petition, i.e., that it was not retaliatory."  Id. (citations and internal quotation marks omitted).

### B.    For a Motion to Dismiss for Failure to State a Claim

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein.  Id.  Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit.  Id.  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (citation omitted).

### III.    Factual Background

The following summary is based upon the allegations in the complaint, D. 1-1, and Morton Hospital's petition to seek temporary involuntary hospitalization of Bearce pursuant to Mass. Gen. L. c. 123, § 12(a), D. 7-1.  On July 1, 2020, Bearce went to the Emergency Department at Morton Hospital to adjust his medication.  D. 1-1 ¶ 4.  Bearce alleges that when he arrived there, he was held against his will in violation of Mass. Gen. L. c. 123, § 12(a).  Id. ¶¶ 5–8.  Bearce alleges that when he presented at Morton Hospital, he was not a threat to himself or to others.  D. 1-1 ¶ 6.

Morton Hospital did not conduct an examination of Bearce before filing a petition to authorize temporary involuntary hospitalization of Bearce as disclosed in that petition.  D. 7-1 at 2.  Bearce asserts that he never objected to an examination, yet Morton Hospital still held him against his will.  D. 1-1 ¶¶ 5–8.  Bearce contends that these circumstances amounted to false imprisonment, D. 1-1 ¶¶ 22–23, and also give rise to the other claims that he presses here, namely, violation of the Massachusetts Civil Rights Act, Mass. Gen. L. c. 12, §§ 11H, 11I, violation of 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States, violation of Mass. Gen. L. c. 93A and negligence.  D. 1-1 ¶¶ 25-43.  Bearce also brings a claim under the Patient Bill of Rights Act, Mass. Gen. L. c. 111, § 70E, for Morton Hospital's alleged failure to produce his medical records in a timely fashion.  Id.  ¶¶ 17-20.

## IV.    Procedural History

Bearce instituted this action in Plymouth Superior Court.  D. 1-1.  Morton Hospital removed the action to this Court, D. 1, and now moves to dismiss Bearce's complaint.  D. 6.  The Court heard the parties on the pending motion and took the matter under advisement.  D. 17.

## V.    Discussion

Morton Hospital seeks to dismiss Bearce's claims on two grounds, first as a special motion to dismiss under Mass. Gen. L. c. 231, § 59H and, as to the c. 93A claim, Count V, also under Fed. R. Civ. P. 12(b)(6).  D. 6.   Where, as here, the movant files a special motion to dismiss and asserts alternative grounds for dismissal, courts typically address the special motion to dismiss first.  See Kobrin v. Gastfriend, 443 Mass. 327, 341 (2005).  Accordingly, the Court turns to this matter first.

### A.    Anti-SLAPP Statute

Morton Hospital asserts a special motion to dismiss pursuant to the Massachusetts anti-SLAPP statute, Mass. Gen. L. c. 231, § 59H, D. 6, and seeks to dismiss all counts of Bearce's

complaint on this basis.  D. 7 at 3.  As an initial matter, however, the anti-SLAPP statute, does not apply to Bearce's federal claim under 42 U.S.C. § 1983 and under the Fourteenth Amendment of the United States Constitution (Count IV).  D. 1-1 ¶¶ 29–33.  In Godin v. Schencks, 629 F.3d 79, 84–92 (1st Cir. 2010), the First Circuit reviewed whether Maine's anti-SLAPP statute was displaced by Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56 in in federal proceedings.  Id.  Because neither rule was "sufficiently broad to control the issues raised by the individual defendants' [Maine anti-SLAPP] special motion, [the Circuit] conclude[d] the district court erred in denying the motion on the basis that [the Maine anti-SLAPP statute] was displaced."  Id. at 92.  As subsequent courts have noted, the First Circuit in Godin "concluded that the burden of proof allocation in Maine's anti-SLAPP statute was a substantive provision, and thus applicable to pendant state claims in federal court."  Radfar v. City of Revere, No. 1:20-CV-10178-IT, 2021 WL 4121493, at *3 (D. Mass. Sept. 9, 2021) (citing Godin, 629 F.3d at 88–89).  That is, the anti-SLAPP statute of a state (here, Massachusetts) does not apply to Bearce's federal claim because "federal law governs substantively and procedurally the litigation of federal claims."  Jobs First Indep. Expenditure Political Action Committee v. Coakley, No. 14-14338-NMG, 2016 WL 6661142, at *3 (D. Mass. Nov. 10, 2016) (citing So. Middlesex Opportunity Council, Inc. v. Town of Framingham, No. 07-12018-DPW, 2008 WL 4595369, at *9 (D. Mass. Sept. 30, 2008)); Radfar, 2021 WL 4121493, at *3 (applying the Massachusetts' anti-SLAPP statute to plaintiffs' Massachusetts claims, but not to their federal claims).  Accordingly, the Court applies the anti-SLAPP burden-shifting framework, Blanchard, 483 Mass. at 203–04, as to all of Bearce's state law claims, but not his sole federal claim, Count IV.

At the threshold stage, Morton Hospital bears the burden of establishing by a preponderance of the evidence that Bearce's suit was solely based on Morton Hospital's

petitioning activity.  Id. at 203.  The anti-SLAPP statute, Mass. Gen. L. c. 231, § 59H, defines "a party's exercise of its right of petition" as:  "any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government."  The Court must consider Bearce's complaint "count by count for anti-SLAPP purposes."  Blanchard I, 477 Mass. at 153.

All but one of Bearce's state law claims—false imprisonment (Count II), MCRA claim (Count III), c. 93A claim (Count V) and negligence (Count VI)--arise from his allegations that, not posing a threat to himself or anyone else and having not refused an examination, he was held against his will.  Morton Hospital asserts that its application to restrain and/or temporarily hospitalize Bearce under Mass. Gen. L. c. 123, § 12 constituted petitioning activity because a mental health professional is communicating to the government, namely, a Court or the Department of Mental Health, that failure to hospitalize such person would create a likelihood of serious harm.  Mass. Gen. L. c. 123, § 12(a); D. 7 at 3–5.  Here, upon a fair reading of the complaint, Bearce is not complaining solely about this petitioning activity (i.e., the filling of the c. 123 petition), but also about Morton Hospital's conduct and treatment of him at the hospital.  See, e.g., D. 1-1 ¶5 (alleging that he "was subject to humiliation and inhumane treatment"); ¶ 7 (prohibiting [him] from calling anyone for help or to explain his situation"); ¶ 13 (alleging that Morton Hospital "was negligent in confining [him] to its facility without proper medical or legal

7

reason to do so, [it] in doing so falsely imprisoned [him] and violated [his] Civil Rights"). That is, "[r]eview of a just a few of [Bearce's] allegations suffices to demonstrate that each of its claims is not based *solely* on [Morton Hospital's] petitioning activity." Commonwealth v. Exxon Mobil Corp., No. 1984-cv-03333-BLS-1, 2021 WL 3488414, at *4 (Super. Ct. June 22, 2021) (denying defendant's special motion to dismiss under c. 231, § 59H); Hagen v. Garabedian, No. 16-P-1562, 2017 WL 4171473, at *2 (Mass. App. Ct. Sept. 21, 2017) (affirming denial of special motion to dismiss under c. 231, § 59H where "even if we assume that [defendant's] defending himself before the Board of Bar Overseers amounted to petitioning activity, it hardly follows that [plaintiff's] current claims are based on such activity"). That is, where Bearce's state claims are based upon "alleged misconduct" that was "beyond the filing of its [petitioning activity," then the movant has not its initial burden for the special motion to dismiss. Allied Waste Servs. of Mass., LLC v. Imperial Distributors, Inc., 90 Mass. App. Ct. 1105, 2016 WL 4987378, at *2 (Sept. 16, 2016); see 477 Harrison Ave., LLC v. Jace Boston, LLC, 477 Mass. 162, 171 (2017).[3]

Even assuming *arguendo* that Morton Hospital had made the threshold showing that Bearce's suit was solely based on its petitioning activity (which it has not), the burden shifts to Bearce. Bearce may defeat Morton Hospital's special motion to dismiss by demonstrating: "(a) that [his] suit was colorable; and (b) that the suit was not brought primarily to chill . . . [Morton Hospital's] legitimate exercise of its right to petition, i.e., that it was not retaliatory." Blanchard II, 483 Mass. at 204–05.

---

[3] Count I, Bearce's claim for violation of the Patient Bill of Rights Act, also is not solely based upon the alleged petitioning activity where is arises from the allegation that it "failed timely produce the patient chart and all other records to which [Bearce] is entitled," D. 1-1 ¶ 18, and not from its filing of the c. 123 Petition.

First, Bearce's claims are at least "colorable." Id. at 204. "SLAPPs are by definition meritless suits." Id. at 207 (citation and internal quotation marks omitted). "Therefore, [a] necessary but not sufficient factor in this analysis will be whether the nonmoving party's claim at issue is colorable or . . . worthy of being presented to and considered by the court." Id. at 207–08 (citation and quotation marks omitted). "[T]his requires consideration [of] whether the claim offers some reasonable possibility of a decision in the party's favor." Id. (citation and internal quotation marks omitted).

"To establish a claim for false imprisonment, [Bearce] must show that [Morton Hospital] 'impos[ed] by force or threats an unlawful restraint upon freedom of movement.'" Gallagher v. South Shore Hospital, Inc., 101 Mass. App. Ct. 807, 831–32 (2022) (quoting Wax v. McGrath, 255 Mass. 340, 342 (1926)). Bearce alleges that Morton Hospital held him against his will, confiscated his personal belongings, including his cellphone, and prohibited him from calling anyone for help without examining him pursuant to Mass. Gen. L. c. 123, §12(a). D. 1-1 ¶¶ 5–8. Bearce, therefore, offers some reasonable possibility, that his false imprisonment claim will succeed. Blanchard, 483 Mass. at 208 (citation and internal quotation marks omitted).

The same is true as to Bearce's MCRA claim where, to prevail, he must demonstrate that Morton Hospital interfered with or attempted to interference with his constitutional rights and that such interference was by threats, intimidation or coercion. Bally v. Northeastern Univ., 403 Mass. 713, 717 (1989). In Count III, Bearce has at least presented a colorable claim where he alleges that Morton Hospital's interfered with civil rights including by coercion where, among other things, he was held without explanation, prohibited from calling others or having access to his belongings. D. 1-1 ¶¶ 7-8, 25-28. As to Count VI (negligence claim), Bearce must show that Morton Hospital owed him a duty of care, it breached that day, Bearce suffered actual damage or

injury; and there a causal connection between its breach and Bearce's damage.  Eleazu v. JP
Morgan Chase, No. 20-cv-11913, 2021 WL 2419606, at *5 (June 14, 2021) (citing cases).  He has
also shown a colorable, negligence claim arising from the same factual allegations.[4]  D. 1-1 ¶¶ 39-
43.

Second, as discussed above, Bearce's state claims were not "primarily brought to chill"
Morton Hospital's petition pursuant to Mass. Gen. L. c. 123, § 12, but instead to "seek redress for
harm."  Id. at 206 (citation and internal quotation marks omitted).  "Although the standard is
expressed in subjective terms, a party's intent ordinarily may be inferred from objective facts and
circumstances."  Id. at 209 (citation omitted).  The "primary motivating goal" of Bearce's claim is
to seek redress for his treatment at Morton Hospital, including but not limited to his allegedly
unauthorized restraint, in violation of Mass. Gen. L. c. 123, § 12(a), not to chill mental health
professionals from filing petitions pursuant to Mass. Gen. L. c. 123, § 12.  Id. (citation and internal
quotation marks omitted).

For the aforementioned reasons, the Massachusetts anti-SLAPP statute, Mass. Gen. L. c.
231, § 59H, does not defeat Bearce's state law claims.

**B.    Civil Immunity, Mass. Gen. L. c. 123, § 22**

Morton Hospital also seeks to dismiss all counts of Bearce's complaint under Mass. Gen.
L. c. 123, § 22.  D. 7 at 6–7.  This statute, however, may only be invoked as to Bearce's state law
claims, not his Section 1983 claim, a federal claim.  See Howlett v. Rose, 496 U.S. 356, 375–76
(1990) (stating that "[c]onduct by persons acting under color of state law which is wrongful under

---

[4] Even assuming that Bearce had presented a colorable claim as to his 93A claim for anti-SLAPP
purposes, this claim shall not proceed for failure to state a claim under Rule 12(b)(6) which the
Court addresses below so that the Court does not separately address whether this claim is colorable
here.

§ 1983 cannot be immunized by state law"); Hopper v. Callahan, 408 Mass. 621, 635 & n. 8 (1990) (same).

As an initial matter, Bearce argues that Morton Hospital is not entitled to immunity under Mass. Gen. L. c. 123, § 22.  The statute provides immunity to "[p]hysicians, qualified advanced practice registered nurses, qualified psychologists, qualified psychiatric nurse mental health clinical specialists, police officers and licensed independent clinical social workers."  Mass. Gen. L. c. 123, § 22.  The statute does not expressly apply to the hospital itself, but Massachusetts courts have extended same to hospitals.  See, e.g., Unaka v. Baystate Health, No. 16-P-737, 2017 WL 958469, at *3 (Mass. App. Ct. Mar. 13, 2017) (noting that the "physical and chemical restraints placed on the plaintiff were applied pursuant to her [Mass. Gen. L. c. 123,] § 12 involuntary admission" and concluding that "[the doctor] and Baystate [the hospital] are therefore immune pursuant to [Mass. Gen. L.] c. 123, §22").  Any immunity under the statute, however, is qualified immunity as it only applies if the party "act[ed] in accordance with this chapter."  Mass. Gen. L. c. 123, § 22; see Hopper v. Callahan, 408 Mass. 621, 635 (1990) (stating that Mass. Gen. L. c. 123, § 22 only provides immunity "if the physician acts pursuant to the provisions of [Mass. Gen. L. c. 123]" and affirming denial of summary judgment where there was "a dispute of material fact . . . whether there was a lawful basis for [plaintiff's] seclusion and whether the requirements of G.L. c. 123 were followed in secluding her").  Accepting Bearce's allegations in the complaint as true, as the Court must do at this juncture, it is at least plausible that the hospital (and its doctors) did not act in accordance with Section 12 of that chapter where he alleges that no emergency existed and he had not refused to consent to examination, such that the failure to examine him before seeking emergency restraint and hospitalization was not in accordance with the statute. Accordingly, at this juncture, Morton Hospital has not shown that it is entitled to qualified

11

immunity under Mass. Gen. L. c. 123, § 22 and dismissal on this ground is not warranted.  See

Callahan, 408 Mass. at 635.

     **C.**     **Mass. Gen. L. c. 93A**

     Morton Hospital also moves to dismiss Bearce's claim under Mass. Gen. L. c. 93A.  D. 7

at 7–11.  Bearce alleges that Morton Hospital violated Mass. Gen. L. c. 93A, § 9 for failing to

"adequately" respond to his Chapter 93A demand letter, Mass. Gen. L. c. 231, §§ 60L (g), (h), D.

1-1 at 9–18, and for failing to turn over medical records in violation of Mass. Gen. L. c. 111 § 70E.

D. 1-1 ¶¶ 18, 36.  Bearce also asserts that his claims of false imprisonment and violations of state

and federal civil rights are "sufficient to invoke" Chapter 93A liability.  D. 1-1 ¶¶ 34, 37; D. 13 at

5–6.

     Whether an act or practice is unfair or deceptive depends "on the nature of challenged

conduct and on the purpose and effect of that conduct as the crucial factors in making a [Chapter]

93A fairness determination."  Mass. Employers Ins. Exch. v. Propac-Mass, Inc., 420 Mass. 39, 43

(1995) (citation omitted).  "[T]he level of conduct necessary to sustain a 93A claim," however,

"exceeds mere . . . negligence."  See Berwind Prop. Group Inc. v. Envtl. Mgmt. Group, Inc., No.

04-11411-NMG, 2007 WL 4707647, at *5 (D. Mass. Feb. 5, 2007) (collecting cases).  "[A]

[C]hapter 93A violation can be based in negligence *only* when the negligence 'is paired with an

unfair or deceptive act or practice.'"  Foisy v. Royal Maccabees Life Ins. Co., 241 F. Supp. 2d 65,

70 (D. Mass. 2002) (quoting Damon v. Sun Co., 87 F.3d 1467, 1485 n.10 (1st Cir. 1996))

(emphasis in original).

     It is unclear how Bearce's claims for false imprisonment, state and federal civil rights

violations and/or negligence, as alleged, would give rise to a claim for unfair or deceptive acts

under c. 93A, even reading the complaint in the light most favorable to him.  See, e.g., Darviris v.

Petros, 442 Mass. 274, 278 (2004) (concluding that "a claim for the negligent delivery of medical care, without more, does not qualify for redress under our consumer protection statute, [Mass. Gen. L.] c. 93A").  Bearce also fails to state a claim that Morton Hospital violated Mass. Gen. L. c. 93A claim for not turning over his medical records within thirty days pursuant to Mass. Gen. L. c. 111 § 70E.  D. 1-1 ¶¶ 10–12, 36.  "[C]onsumer protection statutes," like Mass. Gen. L. c. 93A, "may be applied to the entrepreneurial and business aspects of providing medical services," such as "advertising and billing."  Darviris, 442 Mass. at 279 (collecting cases).  To determine if a claim does so, "[the Court] consider[s] the underlying nature of the claim."  Id. (citing Meyer v. Wagner, 429 Mass. 410, 424 (1999)).

Although billing and advertising "relate directly to a medical provider's financial operations, . . . [the] maintenance of patient records involves no pecuniary interests."  See Higgins v. Bonanno, No. 05-1244, 2009 WL 2421822, at *2 (Mass. Super. Ct. June 11, 2009) (ruling that that the unauthorized disclosure of medical records did not constitute a Chapter 93A violation); cf. Pennington-Matte v. Steward Health Care System, LLC, No. 18-P-1153, 2019 WL 4620271, at *1 (Mass. App. Ct. Sept. 23, 2018) (allowing a Chapter 93A claim to proceed where plaintiff alleged that a defendant, a third-party responsible for fulfilling medical records on behalf of hospitals and healthcare facilities, failed to timely produce medical records and that she was consistently overcharged for the copies).  Bearce does not assert that Morton Hospital's failure to timely produce medical records relates to the entrepreneurial or business aspect of Morton Hospital's medical practice,  Darviris, 442 Mass. at 280, and therefore this alleged failure does not give rise to a 93A claim.  Lastly, failing to respond to a Chapter 93A demand letter does not in and of itself constitute a plausible claim under Chapter 93A.  See Stoute v. Navient, No. 22-cv-10281-ADB, 2022 WL 2438962, at *4 (D. Mass. July 5, 2022) (collecting cases).

For all of these reasons, the Court allows the motion to dismiss the c. 93A claim, Count V, under Rule 12(b)(6).

## VI.     Conclusion

For the foregoing reasons, the Court DENIES the motion to dismiss under Mass. Gen. L. c. 231, § 59H, but ALLOWS the motion to dismiss as to the c. 93A claim, Count V, under Fed. R. Civ. P. 12(b)(6).  D. 6.  Accordingly, Bearce's other claims, Counts I through IV and VI remain.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge